IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Eric John Walsh,<br>　　Petitioner, | )<br>)<br>) |
| v. | )　　1:19cv515 (TSE/TCB) |
| | ) |
| Carl A. Manis,[1]<br>　　Respondent. | )<br>)<br>) |

MEMORANDUM OPINION & ORDER

Virginia inmate Eric John Walsh has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, apparently challenging the legitimacy of his conviction arising out of the Danville City Circuit Court. See Dkt. No. 9. Respondent filed a Rule 5 Answer and a motion to dismiss [Dkt. Nos. 16-19]. Although petitioner was afforded the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) [Dkt. No. 20], he has not filed a response. Respondent's motion is ripe for adjudication. For the reasons that follow, the motion to dismiss must be granted, and the petition will be dismissed.

Background

On October 28, 2010, in the Danville City Circuit Court, petitioner executed a plea agreement to twenty-two charges of statutory burglary, sixteen counts of grand larceny, and three counts of petty larceny. See CR10001156-00 through CR10001188-00. On January 6, 2011, the circuit court sentenced petitioner to a term of imprisonment of seventy-six years, twelve months,

---

[1] Although petitioner named Wallens Ridge State Prison as the respondent in this action, the proper party-respondent is the "state officer who has custody" over petitioner. See Rule 2(a), RULES GOVERNING SECTION 2254 CASES. Substitution of the named respondent in favor of Carl Manis, the Warden of Wallens Ridge State Prison, is appropriate in this matter. See Fed. R. Civ. P. 17(d), 25(d).

with 56 years and 12 months of that sentence suspended, resulting in an active sentence of twenty years. Id. Petitioner then filed a motion for reconsideration of his sentence. By order dated April 19, 2011, the circuit court granted that motion insofar as it recommended that petitioner "serve his sentence in a therapeutic drug community." Id. In all other respects, the circuit court "certified and re-affirmed" its original order. Id.

Petitioner did not file any direct appeal or petitions for collateral review of his convictions until he filed the petition currently under review on June 30, 2019. See Dkt. No. 1. In his petition, petitioner raises, verbatim, the following three claims:

1. My B&E was not in Chatham VA, it was in Danville VA. The Danville police & court charge me with one B&E in Chatham VA;

2. Family has been steeling money & taxs from me & banks look in banks; and

3. I could not write court & get help I needed because I know who did some murders.

Dkt. No. 1.

## **Exhaustion and Procedural Default**

Respondent asserts that petitioner's claims are procedurally defaulted and therefore barred from review in this proceeding. See Dkt. No. 19, pp. 3-5. Before a state prisoner may file in federal court a petition for a writ of habeas corpus, the prisoner must first exhaust his claims in the state court system. 28 U.S.C. § 2254(b)(1)(A). Indeed, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, to exhaust state remedies, "a petitioner must present the same factual and legal claims raised in the [federal] petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial

of a state habeas petition." Sparrow v. Dir., Dep't of Corr., 439 F.Supp.2d 584, 587 (E.D. Va. 2006).

A successfully exhausted claim may nevertheless be deemed "procedurally defaulted" and barred from federal review if a state court denies that claim pursuant to an independent and adequate state ground. See Harris v. Reed, 489 U.S. 255, 259 (1989). And a federal habeas court may deem a claim not presented to the highest state court exhausted and barred from review "if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). Federal habeas petitioners may overcome procedural bars and receive review of their claims through a showing of cause and prejudice, see Gray v. Netherland, 518 U.S. 152, 162 (1996), or actual innocence, see McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).

Petitioner has not presented the claims raised in the instant petition to the Supreme Court of Virginia. Because he would be barred from raising these claims if he attempted to do so now, see Va. Code § 8.01-654(A)(2), Va. R. Sup. Ct. 5:9(a), these claims are procedurally defaulted and barred from review absent a showing of cause and prejudice or actual innocence.

Petitioner has failed to raise any meritorious arguments to demonstrate cause and prejudice for his failure to raise his claims in the state court system. When prompted to answer why he "did not appeal to the highest state court having jurisdiction," petitioner replied, "I just found out six years ago . . . . I am not from VA. I do not know laws." See Dkt. No. 9, p. 5. Petitioner's ignorance or misunderstanding of the law is not a valid basis to find cause and prejudice. See Smith v. Wolfe, No. PJM-10-2007, 2013 WL 1562462, at *4 (D. Md. Apr. 11, 2013) ("Nor does Smith's misunderstanding of the law regarding exhaustion serve as a valid

reason to find cause and prejudice."). And petitioner does not attempt to raise a claim of actual innocence. Consequently, it is clear that petitioner's claims are barred from review.

## Statute of Limitations

The petition is also defective in that Claim One is untimely.[2] A § 2254 petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted in the petition; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

The running of the one-year limitations period is suspended for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitation period is also subject to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).

In this case, the one-year limitation period began running no later than May 19, 2011, the last date on which petitioner could have filed a notice of appeal regarding the circuit court's April 19, 2011 decision on petitioner's motion to reconsider his sentence. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has

---

[2] Because petitioner does not provide details regarding the timing and accrual of Claims Two and Three, it cannot be stated with certainty that these claims are also untimely. See Dkt. No. 9. As noted above, however, those claims are procedurally defaulted. And, as explained below, those claims are not cognizable in a federal petition for writ of habeas corpus. Consequently, even if these claims have been timely raised, they still do not warrant provision of relief at this juncture.

expired . . . .") (citing 28 U.S.C. § 2244(d)(1)(A)); Va. Sup. Ct. R. 5A:6 (allowing thirty days to note an appeal). The window therefore closed no later than May 21, 2012.[3] Walsh's federal petition, submitted on June 30, 2019, was therefore filed more than seven years late. As a result, the claim is unreviewable unless petitioner can establish that he is entitled to equitable tolling.[4]

Respondent construes petitioner's filing to raise an argument that petitioner failed to raise Claim One in a timely fashion due to the failures of his attorney. See Dkt. No. 19, p. 9. To the extent petitioner intended to raise this argument, it is fruitless. See Lawrence v. Florida, 549 U.S. 327, 337 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel.") (citation omitted).

Additionally, perhaps in support of an argument for equitable tolling, petitioner asserts that he was "in the hole for 4 ½ years." Dkt. No. 9, p. 7. But petitioner does not state when this occurred or how this prevented him from pursuing state or federal remedies. Indeed, petitioner's argument—to the extent he rose it in support of equitable tolling at all—does not account for a period two-and-a-half additional years in which he could have been pursuing such remedies. Moreover, petitioner raised this argument under the "Ground Two" section in his petition, and its relevance to Claim One is therefore tenuous. In light of the above, there is no apparent basis for a finding of equitable tolling in this case, and Claim One is thus barred from review due to its untimeliness.

---

[3] Because May 19, 2012 was a Saturday, the window extended to the following Monday, or the next day the court was open. See Fed. R. Civ. P. 6(a)(1)(C).

[4] Because petitioner did not pursue any state post-conviction remedies, he is not entitled to any statutory tolling. And, as noted above, petitioner has not made any showing of actual innocence. Consequently, equitable tolling represents petitioner's only means to avoid dismissal of Claim One on statute of limitations grounds.

## **Petitioner's Claims are not Cognizable**

Even if petitioner's claims were not procedurally defaulted or barred by the relevant statute of limitations, they would fail as a matter of law. First, Claims Two and Three are utterly unrelated to the constitutionality or legitimacy of the convictions petitioner purports to challenge in this action. Additionally, these Claims do not appear to bear any relation to any federal right petitioner may possess. As a result, these claims are rightfully dismissed. See 28 U.S.C. § 2254(a) (stating that a district court may consider a petition for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States").

Claim One initially appears to present a closer question, but, upon closer inspection, is obviously meritless. In this Claim, petitioner asserts that "the Danville police & court charge[d] [petitioner] with one B&E in Chatham VA" and states that the crime actually occurred in Danville. See Dkt. No. 9, p. 5. It seems that, in raising this claim, petitioner sought to call into question whether he had been prosecuted in the proper venue. But because petitioner asserts that the "B&E" in question occurred in Danville, not Chatham, and because petitioner was convicted in the Circuit Court for the City of Danville, there appears to have been no error.

In any case, the record does not support petitioner's claim that he was charged for activity that occurred outside of the City of Danville. Attached as Exhibit B to respondent's motion to dismiss is a "written stipulation" submitted by the state in petitioner's criminal case. See Dkt. No. 19-2. This document notes that each incident for which petitioner had been charged "happened inside the City of Danville." See id. Consequently, to the extent petitioner sought to argue that he was improperly prosecuted in an incorrect venue, such a claim is factually incorrect. Petitioner is thus not entitled to relief.

### Conclusion and Order

For the reasons stated above, respondent's motion to dismiss [Dkt. No. 18] is GRANTED, and it is hereby

ORDERED that the petition for writ of habeas corpus be and is DISMISSED; and it is further

ORDERED that petitioner's motion for leave to proceed in forma pauperis [Dkt. No. 10] be and is DENIED.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the Court. Failure to file a timely notice of appeal waives the right to appeal this decision. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). This Court expressly declines to issue such a certificate for the reasons stated in the Memorandum Opinion.

The Clerk is directed, pursuant to Rule 58 of the Federal Rules of Civil Procedure, to enter final judgment in favor of respondent Carl Manis, to send a copy of this Order to petitioner and counsel of record for respondent, and to close this civil action.

Entered this 29th day of May 2020.
Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

7